IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv590

| | |
|---|---|
| STONE BY LYNCH, LLC and STONEHENGE CHARLOTTE, LLC, ) ) ) Plaintiffs, ) ) Vs. ) ) RIVERSIDE CUT STONE, INC. and DAVID ABNER, Individually, ) ) ) Defendants, ) and ) ) DAVIED ABNER, Individually, ) ) Third-Party Plaintiff, ) ) Vs. ) ) L.C. LYNCH, JR., Individually, ) ) Third-Party Defendant. ) ) | ORDER |

**THIS MATTER** is before the court on the two Motions for Summary Judgment (##33, 35) on the parties' respective claims. The court held a brief hearing on the motions on February 20, 2013. Having considered the pleadings as well as oral arguments on the motions, the court finds there are disputed issues of material fact present in the claims of both parties. Accordingly, the court enters the following order denying both motions and addressing the minor discovery issue briefly discussed at the hearing.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

Plaintiff Stone by Lynch and third-party defendant L.C. Lynch's Motion for Summary Judgment (#35) is **DENIED.**

Defendant Riverside Cut Stone's Motion for Summary Judgment (#33) is also **DENIED.** The court finds there are genuine issues of material fact as to whether defendants are liable for payments they received in excess of payments due under the original contract, whether plaintiff contends these payments were a loan or "overpayments", and whether they were made by Stone by Lynch, one of the many derivations of "Stonehenge", or any other third-party company mentioned in the briefs, all of which appear to be interconnected through third-party defendant Mr. L.C. Lynch. At trial, the burden will be on plaintiffs to prove that they – *and no one else* – are entitled to these payments, but the court is satisfied that plaintiffs have made a sufficient proffer to move beyond the summary judgment stage.

It is further ordered that plaintiff shall respond fully and completely to defendant's request for production of financial documents tending to establish that payments to Riverside were made on behalf of Stone by Lynch. In particular, plaintiff shall provide any and all such documentation whether the request refers to Stonehenge, Stonehenge Supply of Charlotte, Inc., Stonehenge Stone Supply of Charlotte, or any other derivation thereof. Both parties should be aware that this court has a particular distaste for gamesmanship meant for the sole purpose of undue delay and unfair misdirection, and moving forward, should conduct themselves accordingly.

Signed: March 11, 2013

Max O. Cogburn Jr.
United States District Judge